**Dismissed and Memorandum Opinion filed October 25, 2016.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔔𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-16-00721-CV

## IN THE MATTER OF D.L.G.

**On Appeal from the 315th District Court
Harris County, Texas
Trial Court Cause No. 85843**

## M E M O R A N D U M   O P I N I O N

Appellant was a juvenile at the time he committed the offense in this case. He was subsequently certified to stand trial as an adult and transferred to district court where he was later convicted. The order waiving jurisdiction in the juvenile court was signed July 15, 1994. Appellant's conviction for murder was affirmed by this court on August 28, 1997. *See Garcia v. State*, No. 14-95-00325-CR; 1997 WL 530765 (Tex. App.—Houston [14th Dist.] Aug. 28, 1997, pet ref'd) (not designated for publication). Appellant did not challenge the juvenile court's waiver of

jurisdiction at that time.

On September 12, 2016, appellant filed a notice of appeal attempting to challenge the juvenile court's order waiving jurisdiction over him, certifying him for trial as an adult, and transferring the murder case to the criminal court. *See* Tex. Fam. Code Ann. § 54.02. Under the rules applicable to this case, a notice of appeal from the juvenile court's July 15, 1994 order was due on August 14, 1994. *See Moon v. State*, 451 S.W.3d 28, 39 (Tex. Crim. App. 2014) (noting that prior to January 1, 1996, an immediate appeal from a section 54.02 transfer order could be taken directly from the juvenile court to the court of appeals in the manner of civil cases, citing Acts 1973, 63d Leg., ch. 544, § 1 p. 1483, eff. Sept. 1, 1973, codified at Tex. Fam. Code Ann. 56.01(a)(c)); *see also* Tex. R. App. P. 26.1 (requiring notice of appeal to be filed within thirty days after the order or judgment is signed). In this case, no immediate appeal was filed from the July 15, 1994 transfer order, and no issues were raised challenging the transfer order in the direct appeal from appellant's murder conviction. Appellant's September 12, 2016 notice of appeal was filed 22 years after the deadline for filing the notice of appeal had expired. *See* Tex. R. App. P. 26.1.

Accordingly, on September 28, 2016, notification was transmitted to all parties of the court's intention to dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). Appellant timely responded and argued that at the time he was certified to stand trial as an adult "the law was not settled in regards to the 'specifics' of the reasons for waiving jurisdiction." Appellant relies on *Moon v. State*, 451 S.W.3d at 28, to support his contention that the juvenile court abused its discretion in waiving jurisdiction and certifying him to stand trial as an adult. In *Moon*, the Court of Criminal Appeals addressed the specificity required in a juvenile court's waiver of jurisdiction under section 54.02 of the Juvenile Justice Code—the statute

governing the juvenile court's waiver of jurisdiction and transfer of a juvenile offender for prosecution in adult criminal court—as well as the standard of appellate review applicable in an appeal from that order. *See Moon*, 451 S.W.3d at 44–48; *see also* Tex. Fam. Code Ann. § 54.02. Before a juvenile court may exercise its discretion to waive jurisdiction over an alleged juvenile offender, the court must consider the non-exclusive statutory factors of section 54.02(f) to facilitate the juvenile court's balancing of the "potential danger to the public" posed by the particular juvenile offender "with the juvenile offender's amenability to treatment." *Moon*, 451 S.W.3d at 38; *see* Tex. Fam. Code Ann. § 54.02(f). If the juvenile court decides to waive jurisdiction over the juvenile, then the statute directs it to "state specifically" in a written order "its reasons for waiver and [to] certify its action, including the written order and findings of the court." *Moon*, 451 S.W.3d at 38 (quoting Tex. Fam. Code Ann. § 54.02(h)).

Appellant argues that the facts of his case mirror those in *Moon*, and that this court should apply the standards in *Moon* to a review of the juvenile court's decision in 1994 to certify him to stand trial as an adult. However, this court lacks jurisdiction to address appellant's arguments. The last day appellant could file a motion for extension of time to file his notice of appeal was August 29, 1994. *See* Tex. R. App. P. 26.3 (providing a fifteen-day grace period after the deadline for filing the notice of appeal). Appellant filed his notice of appeal on September 12, 2016, well after the deadlines for filing the notice of appeal and motion for extension of time to file the notice of appeal had expired. *See* Tex. R. App. P. 26.1, 26.3. Once the period for granting a motion for extension of time under Rule 26.3 has passed, a party can no longer invoke the appellate court's jurisdiction. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Thus, the fact that appellant's notice of appeal was filed late and after expiration of the period for requesting an extension deprives this court of

jurisdiction in this matter. *Id*. Therefore, the appeal must be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). Appellant's potential remedy is to file an application for writ of habeas corpus with the Court of Criminal Appeals. *See Ex parte Rodriguez*, 466 S.W.3d 846 (Tex. Crim. App. 2015) (denying habeas corpus relief on applicant's claim that he was not properly served with a summons to the transfer hearing in juvenile court that had occurred 20 years earlier).

The appeal is ordered dismissed.


PER CURIAM


Panel consists of Justices Jamison, McCally, and Wise.